I write separately to comment on the following statement the trial court made:
 [T]here has been ample research that individuals who commit crimes of deception often escalate into individuals who commit sexual crimes as well.
(See infra fn. 1.) What is troubling about such a statement is that it could be the basis, even in part, of the court's decision to classify the defendant as a sexual predator when there is nothing in the record supporting this premise.
The research the court referred to was never identified or presented at the hearing. Moreover, the trial judge never shared with counsel her knowledge about any such research until she was engaged in sentencing defendant. Thus counsel had no opportunity to affirm, modify, or deny the principle the court cited or even to ask for the source. As a result, the traditional checks and balances that the advocacy process provides did not occur.
In another case this court held that it was clearly erroneous for a trial court to base its decision on the basis that the literature is replete with the learned opinions that pedophilia is not a curable disorder. State v. Krueger (Dec. 19, 2000), Cuyahoga App. No. 76624, unreported. In the case at bar, the trial judge moved from her initial premise to assert a separate basis for classifying defendant as a sexual predator. As the majority opinion explained, her conclusion based on this separate statutory criterion was supported by the record and was proper. Thus the unsupported premise cited by the court was unnecessary.
What this court said in the Krueger case applies here as well: the judge erred in citing her ex parte knowledge of psychiatric literature * * *.